IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BERKLEY INSURANCE COMPANY,

        Plaintiff,                            Case No. 21-11432

v.                                               Hon. Matthew F. Leitman

THE YATOOMA LAW FIRM P.C.,

        Defendant.

---

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC
Joseph A. Starr (P47253)
Zachary S. Jugan (P80944)
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
jstarr@starrbutler.com
zjugan@starrbutler.com

HINSAW & CULBERTSON LLP
Scott Seaman (*pro hac vice* pending)
Zartosht Khodavandi (*pro hac vice* pending)
151 N. Franklin St., Ste. 2500
Chicago, IL 60606
(312) 704-3000
sseaman@hinshawlaw.com
zkhodavandi@hinshawlaw.com

Attorneys for Plaintiff

---

**PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

Plaintiff, BERKLEY INSURANCE COMPANY ("Plaintiff" or "Berkley"), for its Motion for Alternate Service against Defendant, THE YATOOMA LAW

{00087775.DOCX}

FIRM P.C. ("Defendant" or Yatooma Law"), respectfully moves this Court to grant its motion for the reasons set forth in the attached brief.

On September 8, 2021, pursuant to Local Rule 7.1 of the United States District Court for the Eastern District of Michigan, the undersigned counsel sought concurrence with the relief sought by this motion. However, Defendant did not answer. Thus, no concurrence with the relief sought by this motion was obtained.

WHEREFORE, Plaintiff BERKLEY INSURANCE COMPANY respectfully requests that this Honorable Court grant its motion and issue an Order allowing service of process upon Defendant, THE YATOOMA LAW FIRM P.C. ("Defendant"), in the following ways:

A. Mailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, via First Class mail, to Defendant's business address at 45 Speed Way, Pontiac, MI 48341; or

B. Mailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, via First Class mail, to Defendant's Registered Agent's (Christine Constantino) business address at 45 Speed Way, Pontiac, MI 48341; or

C. Mailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, via First Class mail and posting, to Defendant's Owner's (Norman Yatooma) residential address at 1450 W. Square Lake Rd., Bloomfield Township, MI 48302; or

D. Emailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, with delivery and return receipt requested, to Norman Yatooma at the email address listed on the State Bar of Michigan directory (nyatooma@normanyatooma.com), as well as nyatooma@theyatoomalawfirm.com; or

{00087775.DOCX}                           2

E. Emailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, with delivery and return receipt requested, to Christine Constantino at the email address listed on the State Bar of Michigan directory (cconstantino@normanyatooma.com); or

F. Any other method reasonably calculated to give Defendant actual notice of the proceedings and an opportunity to be heard deemed acceptable by this Honorable Court.

        Respectfully submitted,

        STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

        By:   /s/ Zachary S. Jugan
              Joseph A. Starr (P47253)
              Zachary S. Jugan (P80944)
              Attorneys for Plaintiff
              20700 Civic Center Dr., Ste. 290
              Southfield, MI  48076
              (248) 554-2700
              jstarr@starrbutler.com
              zjugan@starrbutler.com

        HINSAW & CULBERTSON LLP

        Scott Seaman (*pro hac vice* pending)
        Zartosht Khodavandi (*pro hac vice* pending)
        151 N. Franklin St., Ste. 2500
        Chicago, IL 60606
        (312) 704-3000
        sseaman@hinshawlaw.com
        zkhodavandi@hinshawlaw.com

Dated:  September 8, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BERKLEY INSURANCE COMPANY,

       Plaintiff,                            Case No. 21-11432

v.                                          Hon. Matthew F. Leitman

THE YATOOMA LAW FIRM P.C.,

       Defendant.

Starr, Butler, Alexopoulos & Stoner, PLLC
Joseph A. Starr (P47253)
Zachary S. Jugan (P80944)
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
jstarr@starrbutler.com
zjugan@starrbutler.com

Hinsaw & Culbertson LLP
Scott Seaman (*pro hac vice* pending)
Zartosht Khodavandi (*pro hac vice* pending)
151 N. Franklin St., Ste. 2500
Chicago, IL 60606
(312) 704-3000
sseaman@hinshawlaw.com
zkhodavandi@hinshawlaw.com

Attorneys for Plaintiff

# **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

{00087775.DOCX}

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

ISSUES PRESENTED ........................................................................................... iii

STATEMENT OF MOST CONTROLLING AUTHORITY ................................. iv

STATEMENT OF FACTS ...................................................................................... 1

LEGAL STANDARD ............................................................................................. 2

LAW & ARGUMENT ............................................................................................ 4

I.     PLAINTIFF'S MOTION MUST BE GRANTED BECAUSE SERVICE OF PROCESS CANNOT REASONABLY BE MADE AS PROVIDED BY THE APPLICABLE COURT RULES ...................................................... 4

II.    PLAINTIFF'S MOTION MUST BE GRANTED BECAUSE THE PROPOSED ALTERNATE METHODS ARE REASONABLY CALCULATED TO GIVE DEFENDANT ACTUAL NOTICE OF THE PROCEEDINGS AND AN OPPORTUNITY TO BE HEARD ............ 6

CONCLUSION ....................................................................................................... 8

# **INDEX OF AUTHORITIES**

**Case Law:**

*Live Face on Web, LLC v. Stahold Corp.*,
No. 17-13918, 2018 WL 3363727, at *1, *3 (E.D. Mich. July 10, 2018)................6

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
No. 19-10485, 2020 WL 3893038, at *7 (E.D. Mich. July 10, 2020).....................3

*Moseley v. Regency Transportation, LLC,*
No. 21-10241, 2021 WL 972880, at *1 (E.D. Mich. Mar. 15, 2021)...................6, 7

*Reyes-Trujillo v. Four Star Greenhouse, Inc.*,
No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) ...................6, 7

**Court Rules & Statutes:**

MCR 2.105.................................................................................................................3, 4

MCR 2.105(D) ..............................................................................................................3

MCR 2.105(J)................................................................................................................6

MCR 2.105(J)(1)...........................................................................................................6

**Federal Rules:**

Fed. R. Civ. P. 4 ...........................................................................................................4

Fed. R. Civ. P. 4(e)(1)...............................................................................................1, 2

Fed. R. Civ. P. 4(h) ......................................................................................................1

Fed. R. Civ. P. 4(h)(1)..................................................................................................1

{00087775.DOCX}              ii

# ISSUES PRESENTED

1. Should Plaintiff's Motion for Alternate Service against Defendant be granted under Fed. R. Civ. P. 4 and MCR 2.105 as Plaintiff has established that service of process cannot reasonably be made as provided by the court rules?

    Plaintiff answers: Yes.
    Defendant presumably answers: No.

2. Are Plaintiff's proposed alternate methods of service reasonably calculated to give Defendant actual notice of the proceedings and an opportunity to be heard?

    Plaintiff answers: Yes.
    Defendant presumably answers: No.

## **STATEMENT OF MOST CONTROLLING AUTHORITY**

Pursuant to LR 7.1(d)(2), Plaintiff hereby states that MCR 2.105(J) and Fed. R. Civ. P. 4 are the controlling and most appropriate authorities for the relief sought herein.

## STATEMENT OF FACTS

Plaintiff Berkley Insurance Company ("Plaintiff" or "Berkley") seeks a declaration from this Court that a Lawyers Professional Liability Insurance policy issued to Defendant, The Yatooma Law Firm P.C. ("Defendant" or "Yatooma Law"), is rescinded and void *ab initio*. Berkley seeks this declaration because Defendant made material misrepresentations on its application for insurance by not disclosing prior and ongoing lawsuits and/or claims made against members of Defendant or its predecessor law firm. (*See* ECF No. 1, PageID.1).

Plaintiff filed the Complaint for Declaratory Judgment ("Complaint") on June 18, 2021. *Id*. On June 21, 2021, this Court issued a Summons for service upon Defendant. (*See* ECF No. 3, PageID.101). The Summons is required to be served by September 13, 2021. *Id*.

On June 25, 2021, Plaintiff delivered a copy of the Summons and Complaint, via certified mail, to the front desk at Defendant's business address of 45 Speed Way, Pontiac, MI 48341. (**Ex. A**, USPS Proof of Delivery). On August, 3, 2021, Plaintiff's counsel emailed Norman Yatooma (Owner of Yatooma Law) requesting that he accept service on behalf on Defendant, however, no response was received. (**Ex. B**, Email Dated 8/3/21).

Since then, Plaintiff has made numerous attempts to effectuate service of process on Defendant, to no avail. Efforts were made on multiple attempts to serve

{00087775.DOCX}

Defendant by a certified process server at Defendant's business address (45 Speed Way, Pontiac, MI 48341), at Norman Yatooma's (Defendant's Owner) residential address (1450 W. Square Lake Rd., Bloomfield Township, MI 48302), and at the address believed to be Defendant's Registered Agent's (Christine Constantino) residential address (20690 Woodmont St., Harper Woods, MI  48225). (**Ex. C**, Affidavit of Process Server). At this point, all reasonable efforts have been made by Plaintiff to serve Defendant with the Summons and Complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(h) provides in relevant part that, "a domestic or foreign corporation ... must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant...."

Fed. R. Civ. P. 4(h)(1).

Federal Rule of Civil Procedure 4(e)(1), in turn, states that "an individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the

{00087775.DOCX}                              2

state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Michigan, service of process is governed by Michigan Court Rule 2.105. Subsection (D) provides that a private domestic or foreign corporation may be served by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D). "Michigan law requires corporations to be 'personally' served." *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, No. 19-10485, 2020 WL 3893038, at *7 (E.D. Mich. July 10, 2020).

# LAW & ARGUMENT

I. **PLAINTIFF'S MOTION MUST BE GRANTED BECAUSE SERVICE OF PROCESS CANNOT REASONABLY BE MADE AS PROVIDED BY THE APPLICABLE COURT RULES.**

This Court is permitted to allow alternate service onto Defendant pursuant to Fed. R. Civ. P. 4 and MCR 2.105. MCR 2.105 provides in relevant part that:

> **(J) Discretion of the Court.**
>
> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
>
> (3) Service of process may not be made under this subrule before entry of the court's order permitting it.

MCR 2.105.

In this case, Plaintiff has made multiple attempts to serve Defendant, to no avail. (*See* **Ex. A**, **Ex. B**, **Ex. C**). On June 25, 2021, Plaintiff attempted to serve Defendant via certified mail to the front desk at Defendant's business address of 45 Speed Way, Pontiac, MI 48341. (**Ex. A**, USPS Proof of Delivery).

On August, 3, 2021, Plaintiff's counsel emailed Norman Yatooma (Owner of Yatooma Law) at the email address listed on the State Bar of Michigan directory (<u>nyatooma@normanyatooma.com</u>), as well as <u>nyatooma@theyatoomalawfirm.com</u>, requesting that he accept service on behalf on Defendant. (**Ex. B**, Email Dated 8/3/21). However, no response was received.

Since then, Plaintiff has made numerous attempts to effectuate service of process onto Defendant using a certified process server. (**Ex. C**, Affidavit of Process Server). On multiple occasions, the certified process server unsuccessfully attempted to effectuate service at the Defendant's business address (45 Speed Way, Pontiac, MI 48341). *Id*. However, Defendant's office is guarded by security guards. *Id*. The certified process server also attempted to serve Norman Yatooma (Defendant's Owner) at his personal residence (1450 W. Square Lake Rd., Bloomfield Township, MI 48302). *Id*. The certified process server likewise attempted to serve Defendant's Registered Agent (Christine Constantino) at what was believed to be her residential address (20690 Woodmont St., Harper Woods, MI 48225). *Id*. However, that address appears to belong to Constantino's sister. *Id*. Despite Plaintiff's diligence, none of these methods were successful. *Id*.

Given Plaintiff's inability to effectuate service despite its diligent attempts, further attempts to perfect service would be futile. As such, Plaintiff has met its burden of establishing that service of process cannot reasonably be made as provided

by the court rules, and alternate service is warranted. MCR 2.105(J).

**II.  PLAINTIFF'S MOTION MUST BE GRANTED BECAUSE THE PROPOSED ALTERNATE METHODS ARE REASONABLY CALCULATED TO GIVE DEFENDANT ACTUAL NOTICE OF THE PROCEEDINGS AND AN OPPORTUNITY TO BE HEARD.**

MCR 2.105(J)(1) permits this Honorable Court to allow Plaintiff to serve Defendant with the Summons and Complaint in an alternate manner that is reasonably calculated to give Defendant actual notice of the proceedings and an opportunity to be heard. For example, courts may allow service by publication, by posting a copy of the summons and complaint on the door of the defendant's address, or by email. *Moseley v. Regency Transportation, LLC,* No. 21-10241, 2021 WL 972880, at *1 (E.D. Mich. Mar. 15, 2021); citing *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) (collecting cases).

In *Moseley, supra*, this Court held that alternate service by posting the summons and complaint to defendants' business address, the company's owner and registered agent's address, and mailing the summons and complaint to both addresses was likely to provide actual notice to the parties being served. *Id*. at *2; *see also*: *Reyes-Trujillo, supra* at *4 (granting alternative service by five means, including mailing by First Class mail and posting at the address of a corporation and its registered agent); *see also Live Face on Web, LLC v. Stahold Corp.*, No. 17-13918, 2018 WL 3363727, at *1, *3 (E.D. Mich. July 10, 2018)

{00087775.DOCX}                                6

(allowing alternative service on the defendants—a corporation and an individual—in part, by posting the service documents at the home of the individual defendant, who was also the corporate defendant's registered agent for service of process, and by mailing the documents via first class and certified mail to various addresses).

In this case, and relying upon *Moseley* and *Reyes-Trujillo, supra*, which were both decided during the ongoing COVID-19 pandemic, the following methods of alternate service will undoubtedly provide Defendant with actual notice of the proceedings and an opportunity to be heard:

- Service by First Class mail at Defendant's business address (45 Speed Way, Pontiac, MI 48341);

- Service by First Class mail at Defendant's Registered Agent's (Christine Constantino) business address (45 Speed Way, Pontiac, MI 48341);

- Service by First Class mail and posting at Defendant's Owner's (Norman Yatooma) residential address (1450 W. Square Lake Rd., Bloomfield Township, MI 48302);

- Service by emailing Norman Yatooma (Owner of Yatooma Law), with delivery and return receipt requested, at the email address listed on the State Bar of Michigan directory (nyatooma@normanyatooma.com), as well as nyatooma@theyatoomalawfirm.com;

- Service by emailing Christine Constantino (Defendant's Registered Agent), with delivery and return receipt requested, at the email address listed on the State Bar of Michigan directory (cconstantino@normanyatooma.com).

# **CONCLUSION**

WHEREFORE, for the all of the above reasons, Plaintiff BERKLEY INSURANCE COMPANY respectfully requests that this Honorable Court grant its motion and issue an Order allowing service of process upon Defendant, THE YATOOMA LAW FIRM P.C. ("Defendant"), in the following ways:

A. Mailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, via First Class mail, to Defendant's business address at 45 Speed Way, Pontiac, MI 48341; or

B. Mailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, via First Class mail, to Defendant's Registered Agent's (Christine Constantino) business address at 45 Speed Way, Pontiac, MI 48341; or

C. Mailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, via First Class mail and posting, to Defendant's Owner's (Norman Yatooma) residential address at 1450 W. Square Lake Rd., Bloomfield Township, MI 48302; or

D. Emailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, with delivery and return receipt requested, to Norman Yatooma at the email address listed on the State Bar of Michigan directory (nyatooma@normanyatooma.com), as well as nyatooma@theyatoomalawfirm.com; or

E. Emailing a copy of the Court's Order permitting alternate service and the Summons and Complaint, with delivery and return receipt requested, to Christine Constantino at the email address listed on the State Bar of Michigan directory (cconstantino@normanyatooma.com); or

F. Any other method reasonably calculated to give Defendant actual notice of the proceedings and an opportunity to be heard deemed acceptable by this Honorable Court.

        Respectfully submitted,

        STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

        By:   /s/ Zachary S. Jugan
              Joseph A. Starr (P47253)
              Zachary S. Jugan (P80944)
              Attorneys for Plaintiff
              20700 Civic Center Dr., Ste. 290
              Southfield, MI 48076
              (248) 554-2700
              jstarr@starrbutler.com
              zjugan@starrbutler.com

        HINSAW & CULBERTSON LLP

              Scott Seaman (*pro hac vice* pending)
              Zartosht Khodavandi (*pro hac vice* pending)
              151 N. Franklin St., Ste. 2500
              Chicago, IL 60606
              (312) 704-3000
              sseaman@hinshawlaw.com
              zkhodavandi@hinshawlaw.com

Dated: September 8, 2021