UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERKLEY INSURANCE COMPANY,

    Plaintiff,

v.

                                  Case No. 21-cv-11432
                                Hon. Matthew F. Leitman

THE YATOOMA LAW FIRM, P.C.,

    Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S
### MOTION FOR ALTERNATE SERVICE (ECF No. 4)

In this action, Plaintiff Berkley Insurance Company brings a declaratory judgment action against Defendant The Yatooma Law Firm, P.C. (the "Yatooma Firm"). (*See* Compl., ECF No. 1.) Berkley Insurance seeks a declaration that a professional liability insurance policy that it issued to the Yatooma Firm is *void ab initio* due to the Yatooma Firm's alleged material misrepresentations. (*See id.*)

On September 8, 2021, Berkley Insurance filed a motion for alternate service. (*See* Mot., ECF No. 4.) Berkley Insurance says that it has attempted to serve the Yatooma Firm with the Summons and Complaint but that the Yatooma Firm is evading service. (*See id.*) It therefore asks the Court for permission to serve the Yatooma Firm by email under Rules 4(e)(1) and 4(h)(1) of the Federal Rules of Civil Procedure. (*See id.*) Berkley Insurance also seeks to serve the Yatooma Firm by

1

sending the Summons and the Complaint to several addresses believed to be associated with the firm. (*See id.*) For the reasons explained below, Berkley Insurance's motion is **GRANTED**.

## I

### A

Federal Rule of Civil Procedure 4(h)(1) provides in relevant part that "a domestic or foreign corporation … must be served ... in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." In turn, Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."

Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

> 1. delivering a summons and a copy of the complaint to the defendant personally; or

    2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

Michigan Court Rule 2.105(I) further provides that substituted service may be appropriate under some circumstances:

    1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

    2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

    3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(I).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an

3

absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

B

The Court concludes that the Berkley Insurance's motion, supported by the affidavits of its process servers and evidence of its attempts to serve the Yatooma Firm, satisfies the requirements for alternate service described above.[1] First, Berkley Insurance has sufficiently shown that service of the Yatooma Firm "cannot reasonably be made" under the usual methods for service of an individual under the Michigan Court Rules: personal service and registered or certified mail. Mich. Ct. Rule 2.105(I)(1). Berkley Insurance attempted to personally serve the Yatooma Firm several times, through multiple means of service, all without success. For example, Berkley Insurance:

- Sent a copy of the Summons and Complaint, via certified mail, to the Yatooma Firm's business address of 45 Speed Way, Pontiac, MI 48341. The Summons and Complaint were signed for by an unidentified person at the building's front desk.[2] (*See* Proof of Delivery, ECF No. 4-2);

---

[1] The Court further concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

[2] Given the filing of this motion, and Berkley Insurance's repeated additional attempts to serve the Yatooma Firm, it does not appear that Berkley Insurance is contending that it sufficiently served the Yatooma Firm when it mailed the Summons and Complaint to the Yatooma Firm's business address.

- Attempted to personally serve the Summons and Complaint on the Yatooma Firm on July 23, 2021, at the firm's business address, but its process server was not allowed into the building by security. (*See* Affidavit of process server Michael Gregory Hovsepian*,* ECF No. 4-4, PageID.125);

- Attempted to personally serve the Summons and Complaint on the Yatooma Firm on August 27, 2021, at what was believed to be the personal address of the firm's registered agent, Christine Constantino. Constantino was not present at the address, but a woman who identified herself as Constantino sister accepted the Summons and Complaint and said that she would "get the Summons and Complaint to her sister." (Affidavit of process sever Joseph Kostelnik*,* ECF No. 4-4, PageID.127);

- Attempted to personally serve the Summons and Complaint on the Yatooma Firm on August 31, 2021, at the personal address of the firm's owner, Norman Yatooma. Mr. Yatooma was not at the residence at that time. (*See* Kostelnik Aff.*,* ECF No. 4-4, PageID.129); and

- Emailed Norman Yatooma on August 3, 2021, at the email address listed with the State Bar of Michigan and requested that Yatooma

accept service on behalf of the Yatooma Firm. Yatooma did not respond. (*See* 8/3/2021 email, ECF No. 4-3, PageID.123.)

Second, as required under Michigan Court Rule 2.105(2), Berkley Insurance submitted a motion that is dated within 14 days of filing, and it was supported by the affidavits of Berkley Insurance's process servers and other evidence. (*See* Mot., ECF No. 4.) The motion and supporting documents provided evidence that Berkley Insurance had not been able to successfully serve the Yatooma Firm despite diligent efforts. The motion also included the Yatooma Firm's last known business address.

Finally, the ways in which the Court will require Berkley Insurance to serve the Yatooma Firm – *i.e.*, by email and by certified mail to several addresses associated with the Yatooma Firm – are "reasonably calculated to give [the Yatooma Firm] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1). Indeed, sending the Summons and Complaint to the Yatooma Firm at the email addresses listed below should give the firm actual notice of this action because those email addresses are those that the firm's owner and registered agent provided to the State Bar of Michigan. In addition, the Yatooma Firm is likely to receive notice if the Summons and Complaint are sent via certified mail to both the firm's office and the last-known residential address of the firm's owner.

Accordingly, for all the reasons stated above, Berkley Insurance's motion for alternative service (ECF No. 4) is **GRANTED** as follows: Berkley Insurance shall serve the Yatooma Firm by the following methods:

- Mailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, via certified mail, to the Yatooma Firm's last known business address at 45 Speed Way, Pontiac, MI 48341;

- Mailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, via certified mail, to the business address of the Yatooma Firm's Registered Agent (Christine Constantino) at 45 Speed Way, Pontiac, MI 48341;

- Mailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, via certified mail and posting, to Defendant's Owner's (Norman Yatooma) residential address at 1450 W. Square Lake Rd., Bloomfield Township, MI 48302;

- Emailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, with delivery and return receipt requested, to Norman Yatooma at the email address listed on the State Bar of Michigan directory (nyatooma@normanyatooma.com), as well as nyatooma@theyatoomalawfirm.com; and

- Emailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, with delivery and return receipt requested, to Christine Constantino at the email address listed on the State Bar of Michigan directory (cconstantino@normanyatooma.com).

Berkley Insurance shall also file a Certificate of Service with the Court after it serves the Yatooma Firm as directed in this order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>MATTHEW F. LEITMAN<br>UNITED STATES DISTRICT JUDGE

Dated: October 18, 2021


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>Case Manager<br>(810) 341-9764